HERMANN and another vs. GOODRICH.

*Common Carrier of goods.*

1. A common carrier of goods to a point short of their destination, where there are
public means of transportation from such intermediate point to the place of des-
tination, is not discharged of his liability by delivering the goods to a mere
*wharfinger* at the end of his route, unless there is proof of an established usage
to that effect; but he must deliver them to some proper *carrier*, to be taken
further.
2. If there are no public means of further transportation, the end of the first carrier's
route must be regarded as the place of destination, and it is his duty, on trans-
ferring the goods to the wharfinger or warehouseman, to *notify* the consignee of
their arrival.

APPEAL from the County Court for *Milwaukee* County.

Action against the defendant as a carrier by water from Milwaukee to Port Washington in this state, for the value of a keg of liquor delivered to him by plaintiffs at Milwaukee, and for which defendant gave the following receipt; "Milwaukee, July 11, 1865. Received of *Hermann & Hartmann,* * * to be forwarded without delay as directed in the margin:

M. Mueller, Waupacca.      One half brl. Whiskey.
Boat to Port Washington,    One keg liquor.

(Stamp.)        [Signed]        G. Huston, Agent."

The defendant's evidence was to the effect that he was owner of a line of steamers plying between Milwaukee and Port Washington; that the goods above named were received to be carried on one of said boats; that they were sent on the day named in the receipt, and landed, about half past ten that night, at the north pier in Port Washington, and receipted for by one Blake, the owner of the pier; that this pier was the usual place for such vessels to land at that port, the only other pier being used only for lumber vessels; and that Blake, a few days afterward, paid defendant the freight on said goods. Defendant further testified, against objection: "Blake owns the pier at Port Washington to which my boats run. He has a warehouse on it, and is a general receiver of freight; receives the goods and pays the freight, sometimes before and sometimes after he collects it; that is the end of it; he had no interest in the freight or boat." Plaintiff's evidence tended to show that Mueller, the consignee, on receiving a bill of the goods in question, "inquired five or six times for the missing keg; inquired on Blake's pier at Port Washington; the answer he received was that no such keg ever came there; he (Mueller) generally goes to the piers in Port Washington to get his goods coming from Milwaukee by boat; always settles the freight bills with Blake." This is substantially the whole of the testimony.

The court instructed the jury that defendant was shown to

have held the relation of a common carrier as to the goods in question; and that in the absence of proof of notice given the consignee of the delivery of the goods at the pier in Port Washington, or of any custom by which he was to be discharged on such delivery without notice, he was liable. Verdict and judgment for plaintiffs; new trial denied; and defendant appealed from the judgment.

*Emmons & Van Dyke*, for appellant, argued that under the receipt and proof, the defendant was, as to the goods in question, a common carrier from Milwaukee to Port Washington, with the further duty of *forwarding* them from the latter point to Waupacca, which was their place of destination. In such a case no notice to the consignee of the arrival at the intermediate point is required; but the carrier is to send them in the usual way, as forwarder, from that point. *Van Santvoord v. St. John*, 6 Hill, 157. There is no pretense of negligence in giving directions to Blake to forward the goods; and the presumption is that the carrier did his duty. *Hempstead v. N. Y. Cent. R. R.*, 28 Barb., 501. Counsel also contended that the court erred in holding that there was no evidence of a *usage* by which defendant was discharged from liability as carrier on delivery of the goods to Blake at Port Washington.

*Fred. C. Winkler*, for respondent, argued that it was clear from the evidence that delivery to the consignee was to be made at Port Washington; and that it was defendant's duty, after landing the goods there, to give notice to the consignee, and keep them safely until the latter had a reasonable time to remove them. Edw. on Bailm., 515, 521–2; Ang. on Carriers, § 313, 315; *Owners of Mary Washington v. Ayres*, 5 Am. Law Reg., Sept., 1866, p. 692; *Smith v. N. & L. R. R. Co.*, 7 Fost., 86; *Price v. Powell*, 3 Coms., 322; *Sleade v. Payne*, 14 La. An., 453; *Wood et al. v. Crocker*, 18 Wis., 345; *Barclay v. Clyde*, 2 E. D. Smith, 95; *Dean v. Vaccaro*, 2 Head (Tenn.), 488; *The Peytona*, 2 Curtis, C. C., 21.

DIXON, C. J.   There can be no doubt the defendant was a common carrier of the goods; and the only question is, whether his liability ceased with a delivery to the wharfinger at Port Washington.   The receipt may be some evidence to show that the goods were to be carried further; but if they were, and there was public means of transportation beyond Port Washington, it was the duty of the defendant to deliver the goods to some carrier from that place.   This was the case of *Van Santvoord v. St. John*, 6 Hill, 157, cited by defendant's counsel, where the goods were delivered to a responsible carrier at the end of the defendant's route.   In the absence of proof of an established usage, delivery to a wharfinger, in such case, would be insufficient.   But the proof is, that there was no public means of transportation beyond Port Washington, and the delivery of the goods by the defendant to the wharfinger at that place shows that he knew there was no such means.   Port Washington was therefore the place of destination; and being the place of destination, it is conceded that the defendant's liability as common carrier was not ended by mere delivery of the goods to the wharfinger, but that he was further required to notify the consignee of their arrival, or to make some reasonable effort to do so.   The defendant neither notified nor attempted to notify the consignee, and consequently must be held responsible for the loss.

We see no error in the rulings or instructions of the court, and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.